UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WESLEY JOHNSON,

    Plaintiff,

v.      05-1186

BARTON L. BROWN, et al.,

    Defendants.

### Merit Review Order

The plaintiff, currently incarcerated in Western Correctional Center, filed this action pursuant to 42 U.S.C. Section 1983. The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to dismiss any legally insufficient claims, or the entire action if warranted. A merit review hearing was held on September 27, 2005.

The merit review standard is the same as a motion to dismiss standard. *Pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). The allegations are taken as true, and a claim can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

The plaintiff names as defendants, Barton L. Brown, James M. McDowell, Bruce Fisher and Huggins, all employed by the Illinois Department of Corrections at the Illinois River Correctional Center.

The allegations made by the plaintiff in his complaint are very vague. He complains that someone got "mad at him" for talking to "you." He does not identify "you" by a name. Based on what he did say and his attachments, he appears to claim that Lt. Brown violated his rights when he told Brown he had an enemy. The plaintiff claims Brown responded by placing him in segregation. However, the March 21, 2005 disciplinary report, attached to the complaint by the plaintiff, indicates that he was charged for refusing a direct order to return to his housing unit. In the report, it states, the plaintiff had previously informed the Investigator of an alleged enemy at Illinois River Correctional Center, however, the information the plaintiff gave could not be corroborated. A "KSP" form was completed and approved for separate housing assignments from the alleged enemy and the plaintiff was to sign a responsibility waiver. The plaintiff stated he would only sign the waver if he could be placed in R-2D wing. The plaintiff was informed that he was not going to pick his housing assignment as he was required to take what was

1

offered. The plaintiff refuse to sign waiver and cell assignment. The plaintiff was found guilty.

The plaintiff fails to state a claim against Lt. Brown.  The plaintiff was offered housing that would keep him separate from his declared enemy.  He refused the housing.  The plaintiff has no constitutional right to choose where he wants to be incarcerated.  *See Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997)(prisoner has no liberty interest in remaining in general population or avoiding transfer to another prison).  Further, disciplinary segregation itself does not necessarily implicate the due process clause, if "such segregation does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995); *Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997).

The court has reviewed the plaintiff's complaint and the plaintiff does not mention the remaining defendants in the body of the complaint.  The court also reviewed the plaintiff's attachments to his complaint since attachments to the complaint are considered part of the pleading.  Fed. R. Civ. Proc. 10(c); *see also Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).  "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.*  The attachments to the plaintiff's complaint are the same attachments in another case he filed with this court 05-cv-3158.  As the attachments are duplicative and were appropriately addressed in case number 05-cv-3158, the court will not address them in this case.

**IT IS THEREFORE ORDERED:**

1. **The plaintiff's petition to proceed in forma pauperis, d/e 1, is granted.**
2. **Pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A, the plaintiff's entire complaint is dismissed for failure to state a claim upon which relief may be granted.**
3. **All remaining matters are rendered moot.  This case is closed.**
4. **Although the plaintiff's case is being dismissed, he is still responsible for paying the filing fee.  The agency having custody of the plaintiff is directed to make monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account.  The payments are directed to be forwarded from the plaintiff's trust fund account to the Clerk of Court each time the plaintiff's account exceeds $10.00 until the statutory filing fee of $250.00 is paid in its entirety.**
5. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(c).  If the plaintiff does choose to**

**appeal, he will be liable for the $255.00 appellate filing fee, whether he wins or loses his appeal. Furthermore, if the appeal is found to be without merit, the plaintiff may accumulate a "strike" under 28 U.S.C. 1915(g). After three "strikes," the plaintiff will not be able to proceed** *in forma pauperis* **on his claims or appeals in federal court filed during his incarceration.**

**Entered this   4th   day of November 2005.**

/s/ Harold A. Baker

**HAROLD A. BAKER**
**UNITED STATES DISTRICT JUDGE**